This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: August 11, 2020**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hopedale Mining LLC, *et al.*,[1] | ) | Case No. 20-12043 (GRH) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Guy R. Humphrey |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY FROST BROWN TODD LLC AS BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE [RELATED DOCKET NO. 109]**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for an order authorizing the Debtors to retain and employ

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Rhino GP LLC (8619), Rhino Resource Partners LP (7517), Rhino Energy LLC (6320), Rhino Trucking LLC (8773), Rhino Exploration LLC (8863), Triad Roof Support Systems LLC (1183), Springdale Land LLC (9816), McClane Canyon Mining LLC (3783), Rhino Northern Holdings LLC (1858), CAM-Ohio Real Estate LLC (1859), CAM-Colorado LLC (4269), Taylorville Mining LLC (5106), CAM Coal Trading LLC (4143), Castle Valley Mining LLC (9495), Jewell Valley Mining LLC (0270), Rhino Services LLC (3356), Rhino Oilfield Services LLC (8938), Rhino Technologies LLC (0994), CAM Mining LLC (2498), Rhino Coalfield Services LLC (3924), Hopedale Mining LLC (9060), CAM-Kentucky Real Estate LLC (9089), CAM-BB LLC (9097), Leesville Land LLC (7794), CAM Aircraft LLC (5467), Pennyrile Energy LLC (6095), Rhino Eastern LLC (1457), Rockhouse Land LLC (7702).

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to them in this Application.

Frost Brown Todd LLC ("**FBT**") as their bankruptcy counsel effective as of the Petition Date; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and this Court having found that venue of this proceeding and the Application in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given under the circumstances; and stating that all findings of fact are based upon the record in this case, including the representations in the *Declaration of Douglas L. Lutz in support of Debtors' Application to Retain and Employ Frost Brown Todd LLC as Bankruptcy Counsel for the Debtors Nunc Pro Tunc to the Petition Date*, the *Supplemental Declaration of Douglas L. Lutz in support of Debtors' Application to Retain and Employ Frost Brown Todd LLC as Bankruptcy Counsel for the Debtors Nunc Pro Tunc to the Petition Date* (the Declaration and the Supplemental Declaration are collectively, the "**Declaration**") and the *Declaration of Richard A. Boone in Support of First Day Motions of Debtors and Debtors-in-Possession*, and this Court having found that good and sufficient cause exits for the relief granted by this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED and the employment of FBT as Debtors' counsel is APPROVED, as set forth in this Order.

2. FBT is authorized to provide the Debtors with professional services as described in the Application.

3. FBT shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with Bankruptcy Code §§ 330 and 331 and application provisions of the Bankruptcy

Rules, Local Rules, and any other applicable procedures or orders of the Court. FBT also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines, both in connection with the Application and the interim and final fee applications to be filed by FBT in these chapter 11 cases.

4. Interim fee applications shall be filed at least every 120 days from the date this Order is entered until a final fee application is filed with this Court. Any notice of fees provided to the United States Trustee and the post-petition lenders for purposes of receiving or drawing down any retainer, or for the payment of fees from estate funds, shall be filed with this Court at the time the notice is provided to the United States Trustee and the post-petition lenders, with any appropriate redactions made prior to any such notice being filed with this Court.

5. At the conclusion of FBT's engagement by the Debtors, if the amounts of the FBT Retainer is in excess of the amount of outstanding and estimated fees, expenses, and costs, FBT will pay to the Debtors the amount by which the FBT Retainer exceeds such fees, expenses, and costs, in each case consistent with its ordinary course billing practices. Notwithstanding anything in the engagement letter to the contrary, FBT shall hold all retainers in a client-trust account, and any unearned retainers shall be returned to the Debtors at the end of these Chapter 11 Cases.

6. FBT shall provide 10 business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rate set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee and the Committee of Unsecured Creditors retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code § 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code § 330.

7. Any request for a fee enhancement as described in the Application is not approved at this time and shall only be approved by separate order of this Court. The U.S. Trustee and the Committee of Unsecured Creditors retain all rights to object to any fee enhancement on all grounds, including the reasonableness standard set forth in Bankruptcy Code § 330, and the Court retains the right to review any requested fee enhancement pursuant to Bankruptcy Code § 330.

8. The Debtors and FBT are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. To the extent that the Application or the Lutz Declaration is inconsistent with this Order, the terms of this Order shall govern.

11. The Terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to interpretation, implementation, or enforcement of this Order.

SO ORDERED.

Copies to: Default List